UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRESSA S. ROSE | CIVIL ACTION NO. 6:21-cv-00833 |
| VERSUS | JUDGE SUMMERHAYS |
| MARINE TURBINE TECHNOLOGIES, LLC | MAGISTRATE JUDGE HANNA |

## ORDER

Currently pending are the motion to quash the plaintiff's in-person deposition that was filed by the plaintiff, Tressa S. Rose, (Rec. Doc. 15) and defendant Marine Turbine Technologies, LLC's motion to compel the plaintiff to submit to an in-person deposition (Rec. Doc. 17). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion to quash will be granted, and the motion to compel will be denied.

## Background

In her complaint, the plaintiff alleged that the defendant violated the Fair Labor Standards Act by failing to pay her overtime wages. The defendant noticed the plaintiff's deposition for December 2, 2021. By mutual agreement, the deposition was to be held at the plaintiff's counsel's office. On November 30, the plaintiff met with her counsel, and counsel was reminded that her client is immunocompromised and therefore particularly at risk of contracting a serious case of COVID-19. At that time, news of the existence of the Omicron variant was

beginning to spread. The plaintiff's counsel contacted the defendant's counsel and asked that the deposition be taken by video conference rather than in person. The defendant's counsel insisted, however, that the deposition be taken in person. The two motions followed.

## Law and Argument

Fed. R. Civ. P. 30(b)(4) states that the "parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." While the plaintiff did not fully explain the nature of her relevant medical condition, she alleged in support of her motion that she is immunocompromised. A person's medical history and current medical condition are generally considered to be sensitive subjects and protected from public dissemination unless placed at issue in a lawsuit. Because this is not a personal injury lawsuit, this Court will not require the plaintiff to publicly reveal the details of the illness or condition that resulted in her immune system becoming compromised. It is sufficient that she has alleged that she is immunocompromised.

It is common knowledge that individuals with suppressed immune systems or underlying medical conditions are more susceptible to severe cases of COVID-19. The plaintiff's deposition was scheduled when the Omicron variant of COVID-19 was first beginning to spread. It is logical that a person with a compromised

immune system would want to avoid being exposed to the coronavirus and to the Omicron variant in particular.

While this Court agrees with the defendant that an in-person deposition would usually be the preferred method for questioning a plaintiff about her claims, this Court does not expect any litigant to place their health at risk during a deposition. The true efficacy of the available vaccines is not known, and this Court will not order proof of vaccination or testing when a less intrusive means of protecting a deponent's health is available. Similarly, the effectiveness of social distancing in preventing the spread of the virus in a conference room where people are speaking continuously over a period of an hour or more, with or without masks, is unknown but is certainly less effective than not being in the same room with other people at all. Further, courts, lawyers, and litigants have been dealing with the pandemic for almost two years now and have become adept at taking depositions and arguing motions by remote means including but not limited to video conferencing.

Accordingly, this Court finds that the plaintiff's health concerns created by the COVID-19 pandemic and the rise of the Omicron variant, coupled with her compromised immune system, constitutes "good cause" for the entry of an order

requiring that the deposition take place by remote video conferencing.[1] For these reasons,

IT IS ORDERED that the plaintiff's motion to quash her in-person deposition (Rec. Doc. 15) is GRANTED, and the defendant's motion to compel the plaintiff to submit to an in-person deposition (Rec. Doc. 17) is DENIED.

IT IS FURTHER ORDERED that the parties shall cooperate in scheduling the plaintiff's deposition by Zoom or other video conferencing method before the expiration of the discovery deadline on January 24, 2022.

Signed at Lafayette, Louisiana, this 23rd day of December 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Antares Maritime Pte Ltd. v. Board of Commissioners of Port of New Orleans*, No. 18-12145, 2020 WL 7022752, at *4 (E.D. La. Nov. 30, 2020).