UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TRESSA S ROSE** | **CASE NO. 6:21-CV-00833** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MARINE TURBINE TECHNOLOGIES LLC** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## RULING AND ORDER

The present matter before the Court is a Motion in Limine Regarding Evidence of Damages ("Motion") [ECF No. 42] filed by the defendant, Marine Turbine Technologies, L.L.C. ("MTT"). For the following reasons, the Court **DENIES** the Motion.

## I.
### BACKGROUND

This is a single-plaintiff action under the federal Fair Labor Standards Act (the "FLSA").[1] Plaintiff Tressa Rose contends that MTT failed to comply with the FLSA's requirement that it compensate her for overtime worked over and above forty hours per week "at a rate not less than one and one-half times the regular rate at which [she] was employed."[2] On August 4, 2021, Rose submitted her initial disclosures under Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure.[3] With respect to her damages claim, Rose's disclosure did not contain a computation of each category of the damages she claims. Rather, the disclosure merely stated that Rose "will seek relief in this case for compensatory damages, punitive damages, attorney fees, interest and all other

---

[1] 29 U.S.C. 201, et seq.
[2] *Id.*
[3] ECF 42-3.

1

equitable relief deemed necessary."[4] Rose's disclosure further stated that she "will supplement this disclosure."[5] On September 23, 2021, Rose provided documents to MTT in connection with a settlement conference. Specifically, Rose provided copies of her calendar entries that purportedly document the number of hours that she worked each day and, according to Rose, show the amount of overtime she worked without compensation.[6] These calendar entries did not include any computation supporting Rose's damage claim. Rose, however, included a short computation of damages in a settlement demand letter sent to MTT. While the parties treated the calendar entries as a supplement to discovery, the contents of the September 23rd settlement demand were not treated as a supplement to Rose's Rule 26 disclosures, but instead were treated as a settlement offer subject to Rule 408 of the Federal Rules of Evidence. Rose served no other discovery responses that included a computation for each category of her damages, nor did she supplement to her Rule 26(a) disclosures to show her damage calculations. On January 26, 2022, counsel for MTT deposed Rose. During that deposition, MTT's counsel questioned Rose extensively on the calendar entries upon which she bases her overtime claims.

## II.
## DISCUSSION

Rule 26(a)(1)(A)(iii) of Federal Rules of Civil Procedure provides that "a party must, without awaiting a discovery request, provide to the other parties...a computation of each category of damages claimed by the disclosing party...." This disclosure must be made at or within fourteen days of the Rule 26(f) discovery planning conference.[7] Sanctions for violating the disclosure

---

[4] ECF No. 42-3 at 3.
[5] *Id.*
[6] ECF Nos. 44-1.
[7] *See* Fed.R.Civ.P. 26(a)(1) (C).

2

requirements of Rule 26(a) are governed by Rule 37(c)(1) of the Federal Rules of Civil Procedure. Rule 37(c) provides, in pertinent part, that:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial.... In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>     (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>     (B) may inform the jury of the party's failure; and
>     (C) may impose other appropriate sanctions....[8]

The rule expressly provides that sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless.[9] The purpose of this rule is to prevent a "trial by ambush" with evidence that, because not timely disclosed, causes surprise or prejudice.[10] To determine whether the exclusion of evidence is an appropriate sanction for a failure to disclose information, courts consider:

> (1) the party's explanation, if any, for its failure to disclose the information in a timely manner;
> (2) the prejudice to the opposing party if the evidence is admitted;
> (3) the possibility of curing such prejudice by granting a continuance; and
> (4) the importance of the evidence.[11]

Here, Rose failed to comply with Rule 26(a) by providing the required computations for the damages she seeks in this case. The only damage computation she provided to MTT was the settlement demand presented to MTT during settlement negotiations and marked as privileged under Rule 408 of the Federal Rules of Evidence. This disclosure does not comply with Rule 26(a),

---

[8] *See* Fed. R. Civ. 37(c)(1).
[9] *See Id.*
[10] *See Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir.1994) (finding the basic purpose of Rule 26 is "preventing prejudice and surprise").
[11] *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996); *see also Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999); *Tex. A & M Research Found. v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir.2003).

nor was it timely even if it is deemed a supplement to Rose's Rule 26 disclosures because it was derived from documents that she apparently possessed from the beginning of the case. The Court, therefore, turns to the factors under Rule 37 of the Federal Rules of Civil Procedures to determine whether the evidence should be excluded.

The first factor that the Court must consider is Rose's explanation. Here, Rose's explanation is essentially that the damage computation was provided to MTT in "other forms," namely the production of Plaintiff's calendar entries and the damage calculation in her settlement demand under 408. Rose's calendar entries may support a computation of damages, but they are not the computation of damages required by Rule 26(a). Moreover, the privileged settlement demand here cannot serve as a supplemental disclosure under Rule 26(a).

Second, the Court must consider prejudice. MTT is prejudiced to the extent that the only actual damages computation available to it to prepare for trial is a settlement demand subject to Rule 408. On the other hand, there are a number of factors that mitigate that prejudice. Even though Rose did not provide a damages calculation outside of the settlement conference, she provided MTT with copies of calendar entries that she contends reflect the hours that she worked, including overtime. She contends that her damages can be calculated from those calendar entries. These documents were disclosed to MTT's counsel before Plaintiff's deposition and, during Rose's deposition, MTT's counsel examined her extensively on these calendar entries. In this regard, this case is similar to *Charles v. Sanchez*.[12] There, the court concluded that any prejudice from the untimely disclosure of a damage computation was offset by production of the underlying documents that supported that calculation. The court distinguished one of the Fifth Circuit cases cited by MTT, *CQ, Inc. v. TXU Mining Co.*,[13] on the grounds that the order excluding damages

---

[12] 2015 WL 1345385 (W.D. Tex. March 23, 2015).
[13] 565 F.3d. 268, 279 (5th Cir. 2009).

4

evidence in that case was limited to certain categories of damages and was not a case-dispositive sanction.[14] In *Charles*—as well as in the present case—exclusion of damages evidence would have effectively ended the case.[15]

Another factor weighing against prejudice in the present case is the nature of the damages computation in the present case. Unlike *Moore v. CITGO*,[16] this is a single-plaintiff FLSA case, and the computation of damages will be based solely on evidence of this plaintiff's alleged overtime hours. It does not involve the more complex damage model of a multi-plaintiff FLSA case. Moreover, the formula for calculating overtime damages under the FLSA is the subject of significant caselaw. In sum, given the disclosure of the underlying documents that Rose contends supports her overtime claims and the caselaw addressing how to calculate an FLSA damage claim, the Court concludes that the prejudice to the defendant from Rose's failure to comply with Rule 26 does not weigh in favor of a case-dispositive sanction excluding all evidence of damages in this case.

The Court next must consider whether any prejudice can be cured with a continuance. MTT has not requested a continuance to address Rose's failure to timely disclose her damage computations. Unlike the *CITGO* case—which involved at least one long continuance[17]—this is the first trial setting for the present case. The Court concludes that a limited continuance, if requested by MTT, could alleviate any prejudice by allowing MTT to obtain (or move for) further supplementation of Rose's discovery responses to address the deficiencies in her disclosures with respect to damages. The Court would also consider allowing MTT to reopen discovery on a limited basis to address damages. Finally, given Rose's failure to comply with Rule 26, the Court would

---

[14] 2015 WL 1345385 at *4.
[15] *Id.*
[16] 735 F.3d. 309 (5th Cir. 2013).
[17] *Id.*, at 319.

entertain and consider a request by MTT for sanctions to cover the cost of preparing and filing the present Motion in Limine. The Court, therefore, concludes that, on balance, any prejudice to MTT as a result of Rose's failure to comply with Rule 26(a) does not weigh in favor of a case dispositive order preventing Rose from offering evidence of damages.

Finally, the Court must consider the importance of the damages evidence that MTT seeks to exclude. As the Court has noted, exclusion of this evidence would be essentially case dispositive because it would preclude Rose from establishing an evidentiary basis for her damages claim. Accordingly, this factor weighs against the relief requested by MTT.

In sum, the Court concludes that the Rule 37 factors weigh in favor of allowing Rose to present evidence of damages in the present case. As explained previously, the Court will entertain a request by MTT to continue the trial date in this matter, and if needed, allow MTT additional discovery into Rose's damages claims. The Court would also entertain any request for monetary sanctions as a result of Plaintiff's failure to comply with Rule 26. For the foregoing reasons, the Motion in Limine Regarding Evidence of Damages [ECF No. 42] is **DENIED**.

THUS DONE in Chambers on this 30th day of June, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE